UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60129-CR-ZLOCH/ROSENBAUM

18 U.S.C. § 1519
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

BRUCE PERRAUD,

Defendant.

_____/



FILED by _____ D.C.
MAY -7 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE
### Destruction of Records in Federal Investigation
### (18 U.S.C. § 1519)

At all times relevant to this Indictment:

1. Stanford Financial Group ("SFG") was the parent entity for a web of numerous affiliated financial services entities, including Stanford International Bank, Ltd. ("SIBL"), a private, offshore bank with offices on the island of Antigua and elsewhere.

2. SFG was headquartered in Houston, Texas, and maintained an affiliate office at 1150 Lee Wagener Boulevard, Suite 202, Fort Lauderdale, Florida.

3. Defendant **BRUCE PERRAUD** was employed as a "Global Security Specialist" for SFG at SFG's Fort Lauderdale office.

4. SIBL marketed certificates of deposit ("CD") through its affiliated entities in the

United States. SIBL solicited investors by touting a higher rate of return on its CDs than was offered at domestic banks. Among other things, SIBL claimed that it maintained approximately $8 billion in CD investments which were housed in relatively conservative, highly liquid holdings.

### United States Securities and Exchange Commission Complaint: Court Order Prohibiting Document Destruction

5. On or about February 16, 2009, the United States Securities and Exchange Commission ("SEC") filed a Complaint against SIBL, R. Allen Stanford, and related individuals and entities in the United States District Court for the Northern District of Texas. In the Complaint, the SEC charged that the CDs sold by SIBL were one mechanism by which the principals of SFG and its affiliated entities orchestrated a "massive, ongoing fraud."

6. On or about February 16, 2009, based on the application of the SEC, the United States District Court for the Northern District of Texas, in *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L, issued an order appointing an individual, known as a receiver (the "Receiver"), to, among other things, exercise exclusive possession, custody, and control of SFG and its affiliated entities and to trace and identify assets in order to return deposits to defrauded investors.

7. On or about February 16, 2009, the United States District Court for the Northern District of Texas, in *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L, issued another order which provided, among other things, that SFG and its affiliated entities, including their "officers, directors, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, . . . are restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books and records owned by, or pertaining to, the financial transactions and assets of" SFG and its affiliated entities.

8. On or about February 17, 2009, **BRUCE PERRAUD** sent an electronic mail (e-mail) message to one of his co-workers wherein he stated that he "had found a copy of the complaint from the Northern District Texas [sic], Dallas Division."

9. On or about February 17, 2009, the Receiver sent an e-mail message to all employees of SIBL and affiliated entities, including SFG, alerting them to the SEC investigation and lawsuit, as well as the court order appointing the Receiver.

10. In the February 17 email from the Receiver, the Receiver stated that the court had mandated "preservation of documents" and that "all employees and agents of the Stanford Company cooperate with the Receiver . . .[and] all assets and records be turned over to the Receiver as requested." The e-mail further instructed the employees that they "have been ordered to preserve (and not hide or destroy) any and all documents, notes, and records . . . [a]ccordingly [Stanford employees] may not hide, destroy or alter any document or electronic record relating to the company."

11. On or about February 17, 2009, **BRUCE PERRAUD** opened the February 17 e-mail message from the Receiver.

12. On or about February 17, 2009, **BRUCE PERRAUD** placed a telephone call to his supervisor, during which **BRUCE PERRAUD** communicated the contents of the Receiver's e-mail and the court order.

### Defendant Requests and Supervises Destruction of Documents

13. On or about February 23, 2009, **BRUCE PERRAUD** placed a telephone call to a commercial document shredding company ("Shredding Company") and requested that the Shredding Company come to the SFG office at 1150 Lee Wagener Boulevard, Suite 202, Fort Lauderdale,

3

Florida, to shred numerous records.

14.   On or about February 25, 2009, a representative of the Shredding Company arrived at the SFG office in Fort Lauderdale. At that time, **BRUCE PERRAUD** met with the representative of the Shredding Company and escorted the individual to the documents.

15.   **BRUCE PERRAUD** supervised the representative of the Shredding Company as that individual packed a 95-gallon bin with documents. **BRUCE PERRAUD** then accompanied the representative as the individual hauled the bin to a document shredder located in the Shredding Company's truck.

16.   While **BRUCE PERRAUD** supervised the shredding of the documents, four additional SFG employees made approximately eight trips between the SFG office and the document shredder truck with additional documents for destruction. The SFG employees also retrieved files and documents located in automobiles parked in the SFG parking lot and delivered them to the representative of the Shredding Company for destruction.

17.   From on or about February 23, 2009, through on or about February 25, 2009, at Fort Lauderdale, Broward County, in the Southern District of Florida, the defendant,

**BRUCE PERRAUD,**

did knowingly alter, destroy, and mutilate records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States, that is, the United States Securities and Exchange Commission, and in relation to and contemplation of any such matter and case, in that **BRUCE PERRAUD** ordered and supervised the destruction of records and documents of SFG and its affiliated entities knowing that such records were ordered to be preserved by the United States

District Court for the Northern District of Texas in connection with an SEC investigation and lawsuit, *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L, in violation of Title 18, United States Code, Sections 1519 and 2.

                                              A TRUE BILL

_____           FOREPERSON
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY


STEVEN A. TYRRELL
Chief, Fraud Section
United States Department of Justice

By: _____
      PAUL E. PELLETIER
      Principal Deputy Chief, Fraud Section
      United States Department of Justice

By: _____
      MATTHEW KLECKA
      Trial Attorney, Fraud Section
      United States Department of Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| BRUCE PERRAUD, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. _____/ | Superseding Case Information: |

**Court Division**: (Select One)

___ Miami   ___ Key West
_X_ FTL     ___ WPB   ___ FTP

New Defendant(s)         Yes ___  No ___
Number of New Defendants ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   _No_
   List language and/or dialect   _____

4. This case will take   _2_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                        (Check only one)

   I    0 to 5 days      _X_           Petty      ___
   II   6 to 10 days     ___           Minor      ___
   III  11 to 20 days    ___           Misdem.    ___
   IV   21 to 60 days    ___           Felony     _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   _No_
   If yes:
   Magistrate Case No.   _____
   Related Miscellaneous numbers:   _____
   Defendant(s) in federal custody as of   _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the   _____   District of   _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

_____
MATTHEW KLECKA
DOJ TRIAL ATTORNEY
COURT NO. 565709

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** BRUCE PERRAUD   **Case No:** _____

Count #: 1

Destruction of Records in Federal Investigation

18 U.S.C. § 1519

***Max Penalty:** 20 years' imprisonment

Counts #:

_____

_____

***Max Penalty:** _____

Count #:

_____

_____

***Max Penalty:** _____

Count #:

_____

_____

***Max Penalty:** _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**