UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60129-CR-RWG

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff, | : |
| vs. | : |
| THOMAS RAFFANELLO and BRUCE PERRAUD, | : |
| Defendants. | : |
| _____/ | |

**DEFENDANT BRUCE PERRAUD'S MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant, BRUCE PERRAUD ("Perraud"), by and through his undersigned counsel, hereby moves pursuant to Fed.R.Crim.P. 29(a) for a Judgment of Acquittal on all Counts and says:

Not only has the government failed to prove that Mr. Perraud, or indeed, either of these defendants, committed any of the crimes charged in the indictment,[1] **it has failed to prove that any crime was committed at all.** The simple fact is that the evidence admitted during the government's own case-in-chief proves that **as a matter of law**, all of the business documents which the government, in the indictment, claims to have been shredded, were, in fact, preserved; that neither of these defendants committed any action which in any manner could have influenced, obstructed and impeded the SEC proceeding and/or court proceedings alleged in the indictment to have been pending at the time; and

---

[1] In the interest of brevity, the second superseding indictment will be referred to in this motion simply as the "indictment."

SHOHAT, LOEWY & SHOHAT - PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2911

that there never was an agreement involving Raffanello, Perraud and others to commit these substantive offenses.

Federal legislation establishing legal parity between electronic records and signatures and their paper and ink counterparts was signed into law June 30, 2000, and became effective, at least for most purposes, on October 1. The Electronic Signatures in Global and National Commerce Act (E-SIGN) effectively swept away a myriad of anachronistic and inconsistent state and federal requirements for paper and ink documents and signatures.

In enacting E-SIGN, codified in 15 U.S.C. § 7001, Congress enacted uniform standards for the electronic preservation of written documents, standards that were followed to the letter by the defendants in this case. The controlling provision is 15 U.S.C. § 7001(d):

> **(1) Accuracy and accessibility**
>
> If a statute, regulation, or other rule of law requires that a contract or other record relating to a transaction in or affecting interstate or foreign commerce be retained, **that requirement is met by retaining an electronic record of the information in the contract or other record that –**
>
> **(A) accurately reflects the information set forth in the contract or other record; and**
>
> **(B) remains accessible to all persons who are entitled to access by statute, regulation, or rule of law, for the period required by such statute, regulation, or rule of law, in a form that is capable of being accurately reproduced for later reference, whether by transmission, printing, or otherwise.**

Other provisions of federal law comply with this Congressional directive. For example, Fed.R.Evid 1001(1), makes it clear that "writings" and "recordings" include not

Page 3

merely matters which "are set down by handwriting, typewriting, printing and photostating," but also those preserved though "other form of data compilation." Fed.R.Evid 1001(3), which defines what constitutes an "original" states, "if data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an 'original'."[2]

The evidence in this case admitted during the government's case in chief establishes that these defendants complied with 15 U.S.C. § 7001 by preserving all of the business records of their office electronically. Most telling is the testimony of government witness Emily Ocheltree, the only employee of the Stanford Fort Lauderdale Office to testify. On **direct examination** her testimony clearly established that the office policy was to preserve all company documents electronically:

Q. I'm sorry that I interrupted you. Can you continue on as to what you did with the employment checks?

A. ... As we would update the report, we would update the Human Resources file so they could see the report. Once everything was completed, whether it was verified or not verified as far as the education and employment and references was concerned, **once everything was completed the file was then - - all the documentation was scanned into a file for each individual that was kept on our server and then the file was put into a shredder bin.** (Tr.2/3/10 p.99).

---

[2]See also Fed.R.Evid 803(6) which includes in its definition of a business record, "a memorandum, report, record or **data compilation in any form...."** and Fed.R.Civ.P. 34(b)(E) governing the production of documents or electronically stored information in civil discovery.

Page 4

Q. Were records kept of these employees and investor backgrounds? What I'm asking is records like the slides you saw showing the number of investigations, that sort of thing. Were those kept on both employee and investor due diligence?

A. Yes

Q. Do you know whether (sic) those records are kept?

A. I believe on the computers. (Tr. 2/3/10 p.107).

Ms. Ocheltree was asked by the prosecutor concerning the discussion that occurred in the office prior to the shredding at a February 23, 2009 office meeting called by co-defendant Raffanello:

Q. With regard to the documents in the office, what was the discussion?

A. Basically hard copies of documents were going to be shredded. **We were going to leave our computers alone and not remove anything off of our computers.**

Q. Was there any discussion concerning your list of contacts you referred to earlier foreign sources I believe you identified?

A. Basically to go ahead if we had any hard copies of list sources or names or contacts, get rid of that shred that. **And to keep whatever source information we had on our computers.** (Tr. 2/3/10 p. 134).

On cross-examination, Ms. Ocheltree confirmed that it was the office policy that every single shred of information, including handwritten information on papers they were working on, was to be preserved electronically and that she followed that policy and everyone at the office operated under a policy that all the work product of the office was to be saved and preserved on the server. (Tr.2/3/10 pp.155-56). Similarly, all emails were

preserved as a matter of policy. (Tr.2/3/10 p.164).

Emily Ocheltree testified as a government witness. There is not one iota of testimony, not one shred[3] of evidence that any business documents of SFG were destroyed which had not first been preserved electronically and which remain to this day "accessible to all persons who are entitled to access by statute, regulation, or rule of law." In addition, the undisputed evidence is that both defendants knew about this office policy and reasonably believed that all of the paper documents which were shredded had first been preserved electronically on the office server and remained available to the SEC, the Receiver and the Court. Indeed, this is exactly what both defendants told the FBI agent who interviewed them and who testified about their statements.

The simple truth is that these defendants have been charged with destroying records which the government's own evidence proves they preserved in accordance with the applicable law. The evidence adduced in the government's own case in chief proves a simple syllogism whose conclusion is inescapable:

Major premise: In enacting 15 U.S.C. § 7001, Congress authorized the electronic preservation of records provided that: (1) the electronic record accurately reflects the information set forth in the written record and (2) the electronic record remains accessible to all persons who are entitled to access by statute, regulation, or rule of law.

Minor premise: The evidence in this case establishes that all of the business records of the SFG Ft. Lauderdale office were, by office policy, preserved by these defendants in

---

[3]No pun intended

the computer server in an electronic record that accurately reflected the information set forth in the written record, that these electronic records were preserved and remained accessible to all persons entitled to access to those records, including the SEC, the Court Appointed Receiver and the United States District Court and that the defendants reasonably believed that this was the situation when the paper documents were shredded.

Conclusion: These defendants complied with the law and cannot be prosecuted for the destruction of records which were preserved electronically and which they reasonably believed had been preserved electronically.

If there were any doubt of this, one needs only to examine the elements of the charged offenses themselves. Count 4 charges destruction of documents in an official court proceeding. Two of the essential elements of this charge are that the defendant must "corruptly alter, destroy, mutilate or conceal a record, document or other object" and that he must act "with the intent to impair the object's integrity and availability for use in an official proceeding." Here, the evidence incontrovertibly establishes that the documents belonging to the SFG Ft. Lauderdale office were preserved on the computer server in electronic form, in compliance with 15 U.S.C. § 7001, before the paper in the office was shredded. Pursuant to Fed.R.Evid.1001(3) any printout of any of those documents constitutes an "original" document, admissible into evidence in the United States District Court action referred to in the Indictment. These documents' integrity and availability for use in the court proceeding was not impaired in any way, shape or form. Indeed, to this very day, all of these documents remain available to the SEC, the Receiver and anyone else entitled to access to them by statute, regulation or rule of law. If anybody wants to use

them in the court proceeding in Texas, they are there, they are intact and they are admissible. Moreover, since the evidence is undisputed that the defendants knew the office policy and reasonably believed that all of the business documents in the office were preserved electronically before the shredding occurred, they could not possibly have had the intent to impair integrity and availability of these documents for use in the court proceeding.

Count 3 charges Destruction of Records in a Federal Investigation. This count parallels count 4 in that the government must prove that the defendant knowingly altered, concealed, mutilated, or destroyed the documents with the intent to impede, obstruct or influence the pending SEC investigation charged in the indictment. However, as in the case of count 4, the evidence is incontrovertible that the business documents belonging to the SFG Ft. Lauderdale office were preserved on the computer server in electronic form, in compliance with 15 U.S.C. § 7001, before the paper in the office was shredded. It is interesting that count 3 alleges that the defendants destroyed records of SFG and its affiliated entities, "knowing that such records were ordered to be **preserved** by the United States District Court for the Northern District of Texas in connection with an SEC investigation and lawsuit." Yet the undisputed evidence is that these records were, in fact, preserved electronically in the very manner that Congress explicitly authorized them to be preserved. To this very day, all of these documents remain available to the SEC. Moreover, since the evidence is undisputed that the defendants knew the office policy and reasonably believed that all of the business documents in the office were preserved electronically before the shredding occurred, they could not possibly have had the intent

Page 8

to obstruct or influence the SEC investigation.

Count 2 charges Obstruction of a Proceeding before the SEC. One of the essential elements which the government must prove, is that the defendant must have intentionally tried to corruptly influence, impede, or obstruct the pending proceeding. *United States v. Price,* 951 F.2d 1028, 1031(9th Cir. 1991); *United States v. Perraud,* ___ F. Supp.___, 2009 WL 4597927 (S.D. Fla. 12/1/2009). Though this count of the indictment does not explicitly refer to the destruction of documents, it is the shredding of the documents at the SFG office which constitutes the gravamen of this charge. The government's claim is that these defendants tried to corruptly influence, impede or obstruct a pending SEC proceeding by shredding the written documents at the SFG office in Ft. Lauderdale.

Thus, the government's prosecution on this count suffers from the same fatal flaw as do counts 3 and 4. The evidence is incontrovertible that the documents belonging to the SFG Ft. Lauderdale office were preserved on the computer server in electronic form, in compliance with 15 U.S.C. § 7001, before the paper in the office was shredded. The ability of the SEC to review the business records of the SFG Ft. Lauderdale office was not impaired in any way, shape or form by the shredding of the paper documents. All of these documents still remain readily available to the SEC for it to use in its investigation. Moreover, since the evidence is undisputed that the defendants knew the office policy and reasonably believed that all of the business documents in the office were preserved electronically before the shredding occurred, they could not possibly have had the intent to corruptly influence, obstruct and impede an SEC investigation which they knew could not and would not be influenced, obstructed or impeded by the destruction of the

Page 9

unorganized, paper copies of what was stored on the computer.

This leaves only the conspiracy charge set forth in Count 1.  To sustain a conviction under 18 U.S.C. § 371, the government must prove (1) the existence of an agreement to achieve an **unlawful objective**; (2) the defendants' knowing and voluntary participation in the agreement; and (3) the commission of an act in furtherance of the agreement.  *United States v. Adkinson,* 158 F.3d 1147, 1153 (11th Cir. 1998): *United States v. Jordan,* 582 F.3d 1239, 1248 (11th Cir. 2009).  The government must prove an agreement between at least two conspirators to pursue jointly **an illegal objective**. *United States v. Adkinson*, *at 1153; United States v. Mulherin,* 710 F.2d 731, 737 (11th Cir. 1983).

Assuming, *arguendo,* that the government has established an agreement between Raffanello and Perraud to arrange for the shredding of the paper documents at the SFG office, their case still must fail.  For the government cannot get around three basic truths established by the law and the incontrovertible evidence in this case.  First, 15 U.S.C. § 7001 explicitly authorizes the preservation of written records in electronic form provided that the electronic record (1) accurately reflects the information set forth in the contract or other record; and (2) remains accessible to all persons who are entitled to access by statute, regulation, or rule of law, for the period required by such statute, regulation, or rule of law, in a form that is capable of being accurately reproduced for later reference, whether by transmission, printing, or otherwise.  Second, the undisputed testimony and evidence in this case is that the office policy at the SFG Ft. Lauderdale office was in full compliance with 15 U.S.C. § 7001, since it required that all paper business documents be scanned and saved onto the computer server in a form that was both accurate and accessible to all

persons entitled to access and this policy was followed prior to the shredding of the paper documents. Third, the government cannot contest the fact that both Raffanello and Perraud were aware of this company policy and reasonably believed that all of the business records of the SFG Ft. Lauderdale office had been electronically preserved on the server before the shred occurred. Therefore, any agreement to destroy paper documents which had been preserved electronically in accordance with the applicable law governing the electronic preservation of documents did not and could not have an illegal objective.

## CONCLUSION

As stated at the outset of this motion, though there is sufficient evidence for a jury to conclude that Raffanello and Perraud arranged for the shredding of the paper documents at the SFG office, there is legally insufficient evidence to prove that this constituted a crime. In light of the evidence that all of the business records of the SFG Ft. Lauderdale office were accurately preserved in electronic form, in compliance with the dictates of 15 U.S.C. § 7001, that these records remain accessible to all persons who are entitled to access by statute, regulation, or rule of law, including the SEC, the Receiver and the District Court in Texas, in a form that is capable of being accurately reproduced for later reference, whether by transmission, printing, or otherwise and that these defendants reasonably believed that all of the business records of the SFG Ft. Lauderdale office were preserved electronically prior to the shredding of the paper, this Court must grant a

Page 11

judgment of acquittal on all counts.

                              Respectfully submitted,

                              **SHOHAT, LOEWY & SHOHAT**
                              Attorneys for Defendant PERRAUD
                              800 Brickell Avenue
                              Penthouse Two
                              Miami, FL  33131-2911
                              Telephone: 305-358-7000
                              Facsimile:   305-358-4010
                              E-mail: ed@slsdefense.com
                                    */s/ Edward R. Shohat*
                     By:_____
                              **EDWARD R. SHOHAT, ESQ. #152634**

Page 12

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 8, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Matthew A. Klecka, Esq.
Assistant U.S. Attorney
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Email: Matthew.Klecka@usdoj.gov

Jack B. Patrick, Esq.
Senior Litigation Counsel
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20005
E-Mail: Jack.Patrick2@usdoj.gov

              */s/ Edward R. Shohat*
              _____
              **EDWARD R. SHOHAT, ESQ.**