UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-60129-CR-RWG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**BRUCE PERRAUD,**

    Defendant.
_____/

### DEFENDANT PERRAUD'S PROPOSED JURY INSTRUCTIONS

Defendant, BRUCE PERRAUD ("PERRAUD"), by and through his undersigned counsel, for the most part adopts and joins in the Defendant Raffanello's Preliminary Request for Proposed Jury Instructions. Defendant Perraud does not join in Defendant Raffanello's request with respect to the following requested instructions;

    No. 13 - Partial Theory of Defense

    No. 14 - Special Instruction on Theory of Defense

    No. 15 - Cautionary Instruction on Court Orders

    No. 19 - Obstruction of Proceeding Before the SEC

    No. 20 - Destruction of Records in a Federal Investigation

    No. 21 - Destruction of Documents in Official Court Proceeding

Perraud is submitting alternative language for instructions 14, 15, 19, 20 and 21.

## DEFENDANT PERRAUD'S SPECIAL REQUESTED JURY INSTRUCTION ON ELECTRONIC RECORDS

Federal law provides that if there is a requirement that any written record be retained, that requirement is met by retaining an electronic record of the information, provided that the electronic record (1) accurately reflects the information set forth in the record and (2) remains accessible to all persons and entities who are entitled to access to the record. Therefore, to find the defendants guilty you must first find, beyond a reasonable doubt, that the defendants did not reasonably believe that all of the business records of their office which were material to the SEC investigation and/or court proceeding in Texas had been electronically preserved on the computer server so that these electronic records were accurate and accessible to the SEC, the Receiver and the Court. If you cannot make this finding then you must find the defendants NOT GUILTY.

_____

This instruction is based upon 15 U.S.C. § 7001, which governs the preservation of electronic business records.  15 U.S.C, § 7001(d) Retention of contracts and records:

"If a statute, regulation, or other rule of law requires that a contract or other record relating to a transaction in or affecting interstate or foreign commerce be retained, that requirement is met by retaining an electronic record of the information in the contract or other record that –

(A) accurately reflects the information set forth in the contract or other record; and

(B) Remains accessible to all persons who are entitled to access by statute, regulation, or rule of law, for the period required by such statute, regulation or rule of law, in a form that is capable of being accurately reproduced for later reference, whether by transmission, printing or otherwise.

[Defendant's] Instruction No. ___

___ Given
___ Given as Modified
___ Refused
___ Withdrawn

Page 3

## DEFENDANT PERRAUD'S SPECIAL REQUESTED LIMITING INSTRUCTION ON <u>EVIDENCE OF COURT ORDERS</u>

You have heard evidence in this case concerning the entry of court orders related to the Stanford Receivership.

As I instructed you during the trial, the defendants are **not** charged with violating these court orders. You may consider evidence about these court orders **only** on the issues of the Defendants' knowledge, intent and likelihood of consequences as to the SEC investigation and court proceedings.

_____

Instruction substantially identical to cautionary instruction given by the Court during the trial

[Defendant's] Instruction No. ___

___ Given
___ Given as Modified
___ Refused
___ Withdrawn

**SHOHAT, LOEWY & SHOHAT,** - PENTHOUSE TWO, 800 BRICKELL AVENUE, MIAMI, FLORIDA 33131-2911

# DEFENDANT PERRAUD'S REQUESTED INSTRUCTION ON OBSTRUCTION OF PROCEEDING BEFORE THE SEC 18 U.S.C. § 1505

Title 18, United States Code, Section 1505, makes it a Federal crime or offense for anyone to corruptly endeavor to influence, obstruct or impede the due and proper administration of the law under which a pending proceeding is being had before the United States Securities and Exchange Commission.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

    First: That there was a proceeding pending before the United States Securities and Exchange Commission as described in the Indictment.

    Second: That the Defendant knew of or believed that particular proceeding described in the Indictment was pending.

    Third: That the Defendant corruptly endeavored to influence, obstruct or impede the due and proper administration of the law under which that proceeding was being had, as charged; and

    Fourth: That the natural and probable effect of the defendant's actions would be to influence, obstruct or impede the due and proper administration of the SEC proceeding described in the Indictment.

To act "corruptly" means to act with a consciousness of wrongdoing, knowingly and dishonestly with the specific intent to influence, obstruct or impede the SEC investigation described in the Indictment.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "influence, obstruct or impede" the due and proper administration of law means to take some action for the purpose of swaying or changing, or preventing or thwarting in some way any of the actions likely to be taken in the SEC proceeding initiated

Page 5

in December 2008, as described in the Indictment.

While it must be proved that the Defendant corruptly endeavored to influence, obstruct or impede the due and proper administration of the law as charged, and that the natural and probable effect of the Defendant's acts would be to influence, obstruct or impede the due and proper administration of the law, it is not necessary for the Government to prove that the SEC proceeding was in fact influenced or obstructed or impeded.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 56.1 (2003) (modified).

This instruction is substantially identical to Raffanello's requested instruction No. 19 and is supported by the same authorities. It differs only with respect to the language defining the fourth element that needs to be proved.

[Defendant's] Instruction No. ___

___ Given
___ Given as Modified
___ Refused
___ Withdrawn

Page 6

# DEFENDANT PERRAUD'S REQUESTED INSTRUCTION ON DESTRUCTION OF RECORDS IN A FEDERAL INVESTIGATION 18 U.S.C. § 1519

Title 18, United States Code, Section 1519, makes it a Federal crime or offense for anyone to knowingly destroy records with the corrupt intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of the United States Securities and Exchange Commission.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That the United States Securities and Exchange Commission was conducting an investigation of Stanford International Bank, Ltd., as described in the Indictment;

<u>Second</u>: That the Defendant knew of or believed that particular federal investigation or matter described in the Indictment was pending or contemplated;

<u>Third</u>: That the Defendant knowingly and corruptly endeavored to impede, obstruct or influence this investigation or the due and proper administration of this SEC proceeding, as described in the Indictment, by knowingly destroying records or documents; and,

<u>Fourth</u>: That the natural and probable effect of the defendant's actions would be to impede, obstruct or influence the due and proper administration of the SEC proceeding.

To act "corruptly" means to act with a consciousness of wrongdoing, knowingly and dishonestly with the specific intent to impede, obstruct or influence the investigation or proper administration of a matter within the jurisdiction of the United States Securities and Exchange Commission.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "impede, obstruct, or influence" the due and proper administration of a matter

Page 7

means to take some action for the purpose of swaying or changing, or preventing or thwarting in some way any of the actions likely to be taken in the SEC proceeding.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 56.1 (2003) (definition of "corruptly" and "endeavor") (modified).

This instruction is substantially identical to Raffanello's requested instruction No. 19 and is supported by the same authorities. It differs only with respect to the language defining the fourth element that needs to be proved.

[Defendant's] Instruction No. ___

___ Given
___ Given as Modified
___ Refused
___ Withdrawn

# DEFENDANT PERRAUD'S REQUESTED INSTRUCTION ON
# DESTRUCTION OF DOCUMENTS IN AN OFFICIAL COURT PROCEEDING
# <u>18 U.S.C. § 1512(C)</u>

Title 18, United States Code, Section 1512(c), makes it a Federal crime or offense for anyone to corruptly destroy a record with intent to impair its availability for use in an official court proceeding.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:   That there was an official court proceeding pending the in federal district court for the Northern District of Texas, that is the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L, as alleged in the Indictment;

<u>Second</u>: That the Defendant knew of or believed that particular official court proceeding was pending;

<u>Third</u>:   That the Defendant corruptly, with the specific intent to impair the integrity and availability of records, documents, and other objects from use in the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L, endeavored to alter, destroy, mutilate, and conceal such records, documents and other objects; and

<u>Fourth</u>:  That the natural and probable effect of the defendant's his actions would be to impede, obstruct or influence the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L, as alleged in the Indictment.

To act "corruptly" means to act with a consciousness of wrongdoing, knowingly and dishonestly with the specific intent to impair the integrity and availability of records, documents, and other objects from use in the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "impair the integrity and availability" of records, documents, and other objects means to take some action for the improper purpose of preventing such materials from use in the case of *SEC v. Stanford International Bank, Ltd., et al.,* Case No. 3-09CV0298-L.

An "official court proceeding" means a proceeding before a judge or court of the United States.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 56.1 (2003) (definition of "corruptly" and "endeavor") (modified).

This instruction is substantially identical to Raffanello's requested instruction No. 19 and is supported by the same authorities. It differs only with respect to the language defining the fourth element that needs to be proved.

[Defendant's] Instruction No. ___

___ Given
___ Given as Modified
___ Refused
___ Withdrawn

WHEREFORE, Defendant PERRAUD respectfully requests that this Court give the jury instructions as requested herein.

Respectfully submitted,

**SHOHAT, LOEWY & SHOHAT**
Attorneys for Defendant PERRAUD
800 Brickell Avenue
Penthouse Two
Miami, FL  33131-2911
Telephone: 305-358-7000
Facsimile:   305-358-4010
E-mail: ed@slsdefense.com

*/s/ Edward R. Shohat*
By:_____
**EDWARD R. SHOHAT, ESQ. #152634**

Page 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in another authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Matthew A. Klecka, Esq.
Assistant U.S. Attorney
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Email: Matthew.Klecka@usdoj.gov

Jack B. Patrick, Esq.
Senior Litigation Counsel
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20005
E-Mail: Jack.Patrick2@usdoj.gov

*/s/ Edward R. Shohat*
_____
**EDWARD R. SHOHAT, ESQ.**