# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE No. 09-60129-CR
### Judge Richard W. Goldberg

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THOMAS RAFFANELLO | ) |
| and | ) |
| BRUCE PERRAUD, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## Introduction:

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

## JURY INSTRUCTION NO. 1

**Duty to Follow Instructions**
**Presumption of Innocence**
**(When Any Defendant Does Not Testify)**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The Indictment or formal charges against the Defendants are not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## JURY INSTRUCTION NO. 2

### Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

3

## JURY INSTRUCTION NO. 3

**Consideration of The Evidence**
**Direct and Circumstantial - -**
**Argument of Counsel**
**Comments by The Court**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

4

## JURY INSTRUCTION NO. 4

### Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

## JURY INSTRUCTION NO. 5

### Impeachment - - Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

6

## JURY INSTRUCTION NO. 6

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

7

## JURY INSTRUCTION NO. 7

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other Defendant on trial.

## JURY INSTRUCTION NO. 8

### Aiding and Abetting (Agency)
### 18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for oneself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others, it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## JURY INSTRUCTION NO. 9

### Character Evidence

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

## JURY INSTRUCTION NO. 10

### Good Faith Defense

Good faith is a complete defense to the charges in the Indictment since good faith on the part of the Defendant is inconsistent with corrupt intent or willfulness which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted with specific wrongful and unlawful intent to obstruct the SEC investigation of Stanford International Bank, Ltd., as alleged in the Indictment, and that the Defendant acted with specific wrongful and unlawful intent to obstruct, influence, and impede an official proceeding, that is, the court proceedings in *SEC v. Stanford International Bank, Ltd.*, et al., Case No. 3-09CV0298-L in the Northern District of Texas as alleged in the Indictment.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with corrupt or willful intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish corrupt or willful intent.

11

## JURY INSTRUCTION NO. 11

### Court Orders

You have heard evidence in this case concerning the entry of court orders related to the case *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L.

As I instructed you during the trial, the defendants are **not** charged with violating these court orders. You may consider evidence about these court orders **only** on the issues of the Defendants' knowledge, intent and likelihood of consequences as to the SEC investigation and court proceedings.

## JURY INSTRUCTION NO. 12

### Introduction to Offense Instructions
### (In Conspiracy Cases)

At this time I will explain the Indictment which charges separate offenses called "counts." I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.

In summary, Count One charges that the Defendants knowingly and willfully conspired together to:

(a) corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due and proper administration of the law under which a pending proceeding was being had before the Securities and Exchange Commission, an agency of the United States, that is, the SEC investigation alleged in the Indictment, in violation of Title 18, United States Code, Section 1505;

(b) knowingly alter, destroy, and mutilate records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any agency of the United States, that is the United States Securities and Exchange Commission, and in relation to and contemplation of the SEC investigation alleged in the Indictment, in violation of Title 18, United States Code, Section 1519; and

(c) corruptly alter, destroy, mutilate, and conceal a record, document, and

13

other object, with the intent to impair the object's integrity and availability for use in an official proceeding, and to otherwise obstruct, influence, and impede an official proceeding, that is, the court proceedings in *SEC v. Stanford International Bank, Ltd.*, et al., Case No. 3-09CV0298-L in the Northern District of Texas, as alleged in the Indictment, in violation of Title 18, United States Code, Section 1512(c).

Counts Two, Three and Four respectively, charge the commission of what are referred to as substantive offenses, namely that the Defendants Obstructed a Proceeding Before the SEC, to wit: an SEC investigation of Stanford International Bank, Ltd. (Count Two); Destruction of Records in a Federal Investigation, to wit: an SEC investigation of Stanford International Bank, Ltd. (Count Three); and Destruction of Documents in an Official Court Proceeding, to wit: court proceedings in *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L in the Northern District of Texas (Count Four). I will explain the law governing those substantive offenses in a moment.

First, however, as to Count One, you will note that the Defendants are not charged in that Count with committing a substantive offense; rather, they are charged with having conspired to do so.

14

## JURY INSTRUCTION NO. 13

### On Or About - - Knowingly - - Willfully

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the Indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## JURY INSTRUCTION NO. 14

### Count 1
### General Conspiracy Charge
### 18 USC §371

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the Indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the Indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is that the Defendants "willfully ... and knowingly combine(d), conspire(d), confederate(d) and agree(d) with each other ... to commit certain offenses against the United States." More specifically, the evidence must show beyond a reasonable doubt:

First: That two or more persons, in some way or manner, came to a

mutual understanding to try to accomplish a common and

16

unlawful plan, as charged in the Indictment;

<u>Second</u>: That the Defendant, knowing the unlawful purpose of the plan,

willfully joined in it;

<u>Third</u>: That one of the conspirators during the existence of the

conspiracy knowingly committed at least one of the methods (or

"overt acts") described in the Indictment; and,

<u>Fourth</u>: That such "overt act" was knowingly committed at or about the

time alleged in an effort to carry out or accomplish some object

of the conspiracy.

The term "willfully" means that the act was committed voluntarily and purposely with the

specific intent to do something the law forbids; that is with bad purpose either to disobey or

disregard the law.

An "overt act" is any transaction or event, even one which may be entirely innocent when

considered alone, but which is knowingly committed by a conspirator in an effort to accomplish

some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the

unlawful scheme, and without knowing who all of the other members are.  So, if a Defendant has

a general understanding of the unlawful purpose of the plan as described in the Indictment and

knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that

Defendant for conspiracy even though the Defendant did not participate before, and even though

the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that

17

certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

## JURY INSTRUCTION NO. 15

### Multiple Objects
### (For Use With General Conspiracy Charge)
### 18 USC § 371

In this instance, with regard to the alleged conspiracy, the Indictment charges that the Defendants conspired:

(a) to corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due and proper administration of the law under which a pending proceeding was being had before the Securities and Exchange Commission, an agency of the United States, that is, the SEC investigation alleged in the Indictment, in violation of Title 18, United States Code, Section 1505;

(b) to knowingly alter, destroy, and mutilate records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any agency of the United States, that is the United States Securities and Exchange Commission, and in relation to and contemplation of the SEC investigation alleged in the Indictment, in violation of Title 18, United States Code, Section 1519; and

(c) to corruptly alter, destroy, mutilate, and conceal a record, document, and other object, with the intent to impair the object's integrity and availability for use in an official proceeding, and to otherwise obstruct, influence, and impede an official proceeding, that is, the court proceedings in *SEC v.*

19

*Stanford International Bank, Ltd.*, et al., Case No. 3-09CV0298-L in the

Northern District of Texas as alleged in the Indictment, in violation of

Title 18, United States Code, Section 1512(c).

It is charged, in other words, that the Defendants willfully conspired to commit three

separate, substantive crimes or offenses. The word "willfully" means that, the act was committed

voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad

purpose either to disobey or disregard the law.

In such a case it is not necessary for the Government to prove that the Defendant under

consideration willfully conspired to commit all of the alleged substantive offenses.  It would be

sufficient if the Government proves, beyond a reasonable doubt, that the Defendant willfully

conspired with someone to commit one of those offenses; but, in that event, in order to return a

verdict of guilty, you must unanimously agree upon which one of the three offenses the Defendant

conspired to commit.

## JURY INSTRUCTION NO. 16

### Count 2
### Obstruction Of Proceeding Before the SEC
### 18 USC § 1505

Title 18, United States Code, Section 1505, makes it a Federal crime or offense for

anyone to corruptly endeavor to influence, obstruct or impede the due and proper administration

of the law under which a pending proceeding is being had before the United States Securities and

Exchange Commission.

The Defendant can be found guilty of that offense only if all of the following facts are

proved beyond a reasonable doubt:

First: That there was a proceeding pending before the United States

Securities and Exchange Commission as described in the

Indictment.

Second: That the Defendant knew of or believed that particular proceeding

described in the Indictment was pending.

Third: That the Defendant corruptly endeavored to influence, obstruct or

impede the due and proper administration of the law under which

that proceeding was being had, as charged; and that the natural and probable effect of the

Defendant's actions would be to influence, obstruct or impede the due and proper

administration of the SEC proceeding described in the Indictment.

To act "corruptly" means to act with a consciousness of wrongdoing, knowingly and

dishonestly with the specific intent to influence, obstruct or impede the due and proper

administration of the law under which the SEC proceeding described in the Indictment was being

21

had.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "influence, obstruct or impede" the due and proper administration of law means to take some action for the purpose of swaying or changing, or preventing or thwarting in some way any of the actions likely to be taken in the SEC proceeding described in the Indictment.

While it must be proved that the Defendant corruptly endeavored to influence, obstruct or impede the due and proper administration of the law as charged, it is not necessary for the Government to prove that the SEC proceeding was in fact influenced or obstructed or impeded.

## JURY INSTRUCTION NO. 17

### Count 3
### Destruction of Records in a Federal Investigation
### 18 U.S.C. § 1519

Count 3 charges the Defendants with Destruction of Records in a Federal Investigation. Title 18, United States Code, Section 1519, makes it a Federal crime or offense for anyone to knowingly alter, destroy, and mutilate records, documents, and tangible objects with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States.

The Defendants can be found guilty of this offense only if all of the following are proved beyond a reasonable doubt:

First: That the United States Securities and Exchange Commission was conducting an investigation of Stanford International Bank, Ltd., as described in the Indictment;

Second: That the Defendant knew of or believed that particular federal investigation or matter described in the Indictment was pending or contemplated; and

Third: That the Defendant knowingly altered, destroyed, or mutilated records or documents with the intent to impede, obstruct, or influence this investigation or the due and proper administration of this SEC proceeding, as described in the Indictment; and that the natural and probable effect of the Defendant's actions would be to impede, obstruct or influence the due and proper administration of the SEC proceeding.

23

## JURY INSTRUCTION NO. 18

### Count 4
### Destruction of Documents in an Official Court Proceeding
### 18 U.S.C. § 1512(c)

Count 4 charges the Defendants with Destruction of Documents in an Official Court Proceeding. Title 18, United States Code, Section 1512(c) makes it a Federal crime or offense for anyone to knowingly alter, destroy, mutilate, or conceal a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding.

The Defendants can be found guilty of this offense only if all of the following are proved beyond a reasonable doubt:

First: That there was an official court proceeding pending the in federal district court for the Northern District of Texas, that is the case of *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L, as alleged in the Indictment; and

Second: That the Defendant corruptly altered, destroyed, mutilated, or concealed a record or document, or other object with the intent to impair the object's integrity or availability for use in the case of *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298; and that the natural and probable effect of the defendant's actions would be to impede, obstruct or influence the case of *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L, as alleged in the Indictment; or

Third: That the Defendant otherwise corruptly obstructed, influenced, or impeded the case

24

of *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-09CV0298-L; and that the

natural and probable effect of the defendant's actions would be to impede, obstruct or

influence the case of *SEC v. Stanford International Bank, Ltd., et al.*, Case No. 3-

09CV0298-L, as alleged in the Indictment.

The term "official proceeding" means a proceeding before a judge or court of the United

States.

In this count, to act "corruptly" means to act with a consciousness of wrongdoing,

knowingly and dishonestly with the specific intent to impair the integrity and availability of records,

documents, and other objects from use in the case of *SEC v. Stanford International Bank, Ltd., et*

*al.*, Case No. 3-09CV0298-L.

25

## JURY INSTRUCTION NO. 19

### Caution - - Punishment
### (Multiple Defendants - - Multiple Counts)

A separate crime or offense is charged against one or more of the Defendants in each count of the Indictment. Each charge, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offenses alleged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

## JURY INSTRUCTION NO. 20

### Duty To Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 21

### Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## JURY INSTRUCTION NO. 22

Ladies and gentlemen of the jury, during the course of this trial you may have seen bags of shredded materials in the courtroom. However, these items were never admitted into evidence. Therefore, you may not consider these items or any inferences related to these items during your deliberations. Your verdict must be based solely on the evidence admitted during the trial.

Simply put, the bags of shredded materials and any inferences related to these items cannot be considered by this jury to reach a finding of guilt.

## JURY INSTRUCTION NO. 23

### Use of Electronic Technology

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.